UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cesar Caballero, et al., | No. 2:21-cv-00638-KJM-CKD |
| Plaintiffs, | ORDER |
| v. | |
| Michael Williams, et al., | |
| Defendants. | |

Cesar Caballero moves *ex parte* for a temporary restraining order barring the defendants from interfering with or delaying "any project" that he might undertake "in developing, creating, implementing, operating and managing various projects" on land in Davis, California and to prevent the defendants from harassing Mr. Caballero. *See* Mot. TRO at 2, ECF No. 5; Mem. P. & A., ECF No. 5-1; Compl., ECF No. 1.  **The motion is denied**.

A temporary restraining order or "TRO" may be issued only upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).  A TRO is an extraordinary remedy, and a plaintiff who requests a TRO must prove that remedy is proper by a clear showing. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

1

In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Alternatively, courts may analyze a TRO request using a sliding scale approach through which the elements of the "test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). This test requires plaintiffs to demonstrate the requisite likelihood of irreparable harm, show that an injunction is in the public interest, raise "serious questions" going to the merits, and show a balance of hardships that "tips sharply" in plaintiffs' favor. *Id.* at 1131–36 (concluding that "serious questions" version of sliding scale test for preliminary injunctions remains viable after *Winter*).

This District's Local Rules also impose specific requirements on any party that requests a TRO:

> No hearing on a temporary restraining order will normally be set unless the following documents are provided to the Court and, unless impossible under the circumstances, to the affected parties or their counsel:
>
> (1)   a complaint;
>
> (2)   a motion for temporary restraining order;
>
> (3)   a brief on all relevant legal issues presented by the motion;
>
> (4)   an affidavit in support of the existence of an irreparable injury;
>
> (5)   an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given, *see* L.R. 142;

2

      (6)    a proposed temporary restraining order with a provision for a bond, *see* L.R. 151;

      (7)    a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance, *see* L.R. 137; and

      (8)    in all instances in which a temporary restraining order is requested *ex parte*, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. *See* Fed. R. Civ. P. 65(b).

E.D. Cal. L.R. 231(c). A party who moves for a TRO must also confirm it has complied with these rules by filing the checklist available on this court's website.[1]

      Mr. Caballero has complied with most of the requirements imposed by this court's local rules, although he did not complete or submit the required checklist. The court exercises its discretion to reach the merits of his request. He has not demonstrated he is entitled to a TRO.

      First, he has not shown he is likely to succeed in his claim that he is entitled to control over the lands identified in his motion and complaint. Nor has he raised the necessary "serious questions" on that issue. He has asserted these same or similar claims unsuccessfully in previous litigation, including before the undersigned.[2] *See, e.g.*, *Caballero v. Land Situated in the State of California*, No. 20-0866 (E.D. Cal. filed Apr. 28, 2020); *Caballero v. Cuellar*, No. PC 20190492, Cal. Super. Ct. El Dorado Cty. filed Sept. 13, 2019); *Shingle Springs Band of Miwok Indians v. Caballero*, No. 08-03133 (E.D. Cal. filed Dec. 23, 2008).

      Second, Mr. Caballero has not shown he will suffer irreparable harm if a TRO is not issued. He does not identify any specific threat that cannot be avoided absent an order from this

---

[1] http://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/temporary-restraining-order-tro-procedures/

[2] The court takes judicial notice of these actions on its own motion. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Herman Franck, who represents Mr. Caballero here, has also served as counsel for Mr. Caballero in some of these previous actions. The court cautions him of the obligations imposed by Federal Rule of Civil Procedure 11 and Local Rule 180(e), among others. Violations of these rules may result in sanctions.

court.  His fears of future harms are generalized.  *See* Mem. P. & A. at 17–18 (describing conflict that "occurred fairly long ago" and "appeared to be resolved" but now seems to be "ongoing"); Caballero Decl. ¶¶ 16–42 (describing conflict between Caballero and others on land in question). His memorandum and declaration also describe how the California state courts and local law enforcement agencies are aware of the conflicts alleged here and have issued orders.  *See, e.g.*, Mem. P. & A. at 6–7, 17–18; Caballero Decl. ¶¶ 39, 42.

Because Mr. Caballero has not satisfied his burden on these first two elements, the court does not reach the remaining *Winter* factors.  *See, e.g.*, *Fugazi v. Padilla*, No. 20-00970, 2020 WL 2615742, at *5 (E.D. Cal. May 22, 2020) ("[T]he court finds plaintiffs have not satisfied their burden under the first prong of the *Winter* test, including by raising serious questions, so as to warrant the extraordinary relief of a temporary restraining order; the court thus does not reach the three other prongs of the *Winter* test.").

The motion for a temporary restraining order is **denied**.

This order resolves ECF No. 5.

IT IS SO ORDERED.

DATED:  April 19, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE